**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MAURICE SWEETEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 10-581-GPM |
| | ) |
| MARY LOFTIN and SUSAN KERR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Maurice Sweeten, who at the time this case was filed was a prisoner in the custody of the Illinois Department of Corrections ("IDOC") serving a sentence of twelve years' imprisonment at the Robinson Correctional Center ("Robinson") for aggravated battery of a child, brings this suit to remedy alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

Page 1 of 5

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Sweeten's pro se complaint, in 2000 while Sweeten was confined at the Stateville Correctional Center, he developed a skin condition called pseudofolliculitis as a result of a haircut he received in the prison barber shop. Sweeten asserts that this condition persisted through the period when he was transferred to the Logan Correctional Center and, in 2004, to Robinson. According to Sweeten, as a result of his skin condition, over thirty-five percent of his head and part of his neck are covered with small, painful pustules that ooze blood and are in danger of infection. Sweeten alleges that Defendant Mary Loftin, a physician at Robinson, has treated his skin condition with various medications (hydrocortisone, antibiotics, etc.), but that this treatment has proven ineffective. Sweeten further alleges that the refusal of Loftin and Defendant Susan Kerr, the health care administrator at Robinson, to send him to a dermatologist for treatment of his pseudofolliculitis constitutes deliberate indifference to his serious medical needs, in violation of

the Eighth Amendment. It appears from the record of this case that, shortly after the case was filed, Sweeten was released from IDOC custody on parole and now resides in Chicago, Illinois.

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom it has incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297, 302-03). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to

serious medical needs is whether the officials exhibited 'deliberate indifference.'").  The indicia of

a serious medical need are:  (1) where failure to treat the condition could "result in further significant

injury or the unnecessary and wanton infliction of pain"; (2) "existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of

a medical condition that significantly affects an individual's daily activities"; or (4) "the existence

of chronic and substantial pain."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)

(internal quotation marks omitted).

In this instance, nothing in the allegations of Sweeten's complaint suggests that

IDOC medical personnel have been deliberately indifferent to Sweeten's medical needs.  According

to the complaint, Loftin has "prescribed various medications for the treatment of [Sweeten's]

condition but to no avail."  Doc. 1 at 5.   The gravamen of Sweeten's complaint is simply that,

Loftin's attempts to treat his skin condition having failed, Sweeten should be permitted by Loftin

and Kerr to see a dermatologist.  Boiled down to their essence, Sweeten's allegations amount to

quibbles with the course of treatment selected by Sweeten's physician and complaints that the chosen

course of treatment has not been effective, claims that are not actionable as violations of Sweeten's

civil rights.  A prisoner's mere disagreement with a physician's chosen course of medical treatment

for the prisoner does not amount to deliberate indifference under the Eighth Amendment.  "Medical

decisions that may be characterized as 'classic examples of matters for medical judgment,' such as

whether one course of treatment is preferable to another, are beyond the Amendment's purview.

Such matters are questions of tort, not constitutional law."  *Snipes v. DeTella*, 95 F.3d 586, 591

(7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted).  Similarly, the ineffectiveness

of a physician's chosen course of treatment, even if it is the result of the physician's negligence or,

possibly, gross negligence, does not rise to the level of deliberate indifference to a prisoner's serious medical needs.  *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."); *Snipes*, 95 F.3d at 590 (citing *Wilson*, 501 U.S. at 305) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Freeman v. Fairman*, 916 F. Supp. 786, 791 (N.D. Ill. 1996) ("[O]rdinary medical malpractice based upon negligence in providing care does not state a claim under the Eighth Amendment.").  This case must be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Sweeten's complaint fails to state a claim upon which relief may be granted with respect to Sweeten's claim of violation of his Eighth Amendment rights.  Therefore, this action is **DISMISSED with prejudice**.  Sweeten's motion for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of counsel (Doc. 3) are **DENIED as moot**.  Sweeten is advised that, in the event that he is incarcerated again and, while incarcerated, seeks to file new civil actions for alleged violations of his civil rights by state or federal actors, the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 3, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge